IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM R. JAMISON                                          PLAINTIFF

VS.                                Civil Action No. _13-4111_

RUAN TRANSPORTATION
MANAGEMENT SYSTEMS,
INC., a/k/a RUAN LOGISTICS
CORP., RUAN TRANSPORT
CORP., and RUAN, INC.                                         DEFENDANT

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** William R. Jamison, Plaintiff, by and through his attorneys of record, **CRISP & FREEZE,** complaining of Defendant Ruan Transportation Management Systems, Incorporated, also known as Ruan Logistics Corporation, Ruan Transport Corporation and Ruan, Inc., and for his cause of action would respectfully show the court and jury as follows:

### PARTIES

1.      Plaintiff is an individual and resident of Nashville, Howard County, Arkansas.

2.      Defendant Ruan Transportation Management Systems, Inc., also known as Ruan Logistics Corporation, Ruan Transport Corporation and Ruan, Inc., (hereinafter collectively "Ruan") is a foreign for profit corporation doing business in Arkansas, with its principal place of business located in Des Moines, Iowa. Defendant may be served with process through its registered agent, The Corporation Company, 124 W. Capitol Ave., Little Rock, Arkansas 72201.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court as the amount in controversy exceeds $75,000.00, excluding interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant, predicated on 28 U.S.C. § 1332.

4. Venue is proper in this Court as Plaintiff's cause of action arose in the Western District of Arkansas, Texarkana Division.

## FACTS

5. Early in the morning of April 25, 2013, Plaintiff William R. Jamison, lawfully operating his 1996 Toyota RAV4 light utility vehicle, was eastbound on U.S. Highway 278 near the city of Hope, Hempstead County, Arkansas.

6. That morning, at approximately 5:04 a.m., Defendant's 2007 International tractor-trailer, operated by Thomas Carver, bearing Iowa plate number SB8389, was parked, without any lights, in the middle of Plaintiff's eastbound lane of travel on Highway 278.

7. Carver's operation of this tractor-trailer was authorized by and within the course and scope of his employment for his employer, Defendant Ruan, who at all times relevant hereto owned the tractor-trailer.

8. Upon information and belief, Defendant Ruan's tractor-trailer may have become disabled during his operation of the tractor-trailer.

9. Plaintiff, proceeding lawfully and with the right of way on Highway 278, approached and collided with the rear of Defendant's tractor-trailer.

10. Plaintiff had no adequate time or ability to anticipate or avoid the collision caused by Ruan, and proper and mandatory safety precautions to warn Plaintiff of Defendant's

vehicle occupying the Plaintiff's lane of travel were not taken.

11. The unanticipated collision caused by Ruan's negligence caused serious injuries and damages to Plaintiff, which are described further herein.

### NEGLIGENCE CAUSE OF ACTION

12. Plaintiff re-alleges and incorporates by reference paragraphs 1-11 herein.

13. At the time of the collision, the tractor-trailer owned by Ruan, and operated by its agent or employee Carver, was operated and driven in a negligent manner, which includes, but is not limited to, the following acts of negligence:

    a. Failure to properly warn approaching drivers of the hazard posed by its disabled tractor-trailer;

    b. Failure to remove its tractor-trailer from the main lane of travel;

    c. Failure to utilize hazard lights, cones, reflective triangles, flashlights and/or flares in an effort to warn approaching drivers;

    d. Failure to keep such a proper lookout and warn approaching drivers as a commercial truck driver exercising ordinary prudence would have kept under the same or similar circumstances;

    e. Failure to yield the right of way;

    f. Failing to properly remove the vehicle from the active lane of travel;

    g. Driver inattention;

    h. Failing to take timely or proper evasive action to avoid causing the collision in question;

    i. Operating the tractor-trailer in violation of applicable statutory regulations.

14. Each of the above acts and omissions, taken singularly or in combination with others, constitutes negligence and was a direct and proximate cause of the injuries and damages sustained by Plaintiff.

15. Ruan was further negligent in hiring, supervising and retaining Carver as a driver and allowing him to operate a commercial tractor-trailer.

16. Ruan hired, continued to employ, and entrusted tractor-trailers to Carver when it knew or should have known that Carver was deficient in his knowledge of the applicable Federal Motor Carrier Safety Regulations, and/or incompetent, and/or a reckless driver.

17. Defendant Ruan is vicariously liable for the negligence and negligence per se of Carver because the company employed Carver and Carver was operating the tractor-trailer in the course and scope of his employment when he committed his wrongful acts and/or omissions.

18. Carver had not substantially deviated from the course and scope of his employment with Defendant Ruan at the time of the collision.

19. Ruan was further negligent by failing to properly maintain the vehicle it entrusted to Carver.

20. Each of Ruan's acts and omissions, singularly or in combination with others, constituted negligence and/or negligence per se that proximately caused the collision made the basis of this Complaint and the injuries and damages sustained by Plaintiff.

## DAMAGES

21. As a direct and proximate result of Defendants' actions described herein, Plaintiff suffered serious injuries to his head, ribs, shoulders, wrist, sternum and left leg, which

required immediate medical attention.

22. Plaintiff suffered physical impairment and mental anguish in the past and in all reasonable probability, will continue to do so in the future.

23. As a result of the injuries sustained, Plaintiff incurred reasonable and customary medical expenses for reasonable and necessary medical treatment in a sum that exceeds the minimum jurisdictional limits of this Court.

24. Plaintiff additionally sustained a total loss of his 1996 Toyota RAV4 light utility vehicle and incurred reasonable storage fees subsequent to the collision.

### JURISDICTIONAL LIMITS

25. By reason of the above and foregoing injuries and damages, Plaintiff has been damaged in a sum that exceeds the jurisdictional limits of this Court.

### JURY DEMAND

26. Plaintiff demands a trial by jury.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer herein; that he be awarded past and future medical expenses; that he be compensated for his pain, suffering and mental anguish; that he be awarded judgment against Defendant in a sum in excess of the minimum jurisdictional limits of this Court; that he be awarded pre-judgment and post-judgment interest at the maximum legal rate provided by law; that he recover from Defendant his costs herein expended, and that he receive any and all other relief to which he may be justly entitled.

Respectfully submitted,

J. David Crisp, Sr.
John D. Crisp, Jr.
**CRISP & FREEZE**
1921 Moores Lane
Texarkana, Texas 75503
Telephone: (903) 831-4004
Facsimile: (903) 831-4006

By: _____
J. David Crisp, Sr.
Arkansas Bar No. 79043

John D. Crisp, Jr.
Arkansas Bar No. 2006295

*Attorneys for Plaintiff William R. Jamison*